IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RACHEL TENNYSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-00661-K-BT |
| | § | |
| LOANCARE LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This civil action arises out of *pro se* Plaintiff Rachel Tennyson's purchase money mortgage and her later requests for loan modification and assistance. For the reasons stated below, the District Judge should **DISMISS** Plaintiff's action under Federal Rule of Civil Procedure 41(b).

*Background*

Plaintiff filed this civil action against LoanCare LLC asserting claims of breach of contract; violations of the Fair Debt Collection Practices Act, Real Estate Settlement Procedures Act, and Texas Deceptive Trade Practices Act; quiet title; negligence; and fraudulent inducement. *See* Compl. (ECF No. 3); Am. Compl. at 13–30 (ECF No. 25). Succinctly stated, Plaintiff alleges that Defendant engaged in "systemic mortgage servicing misconduct [and] fraudulent documentation" and attempted "to enforce a loan through [unlawful] means." Am. Compl. at 4, ¶ 7 (ECF No. 25). Due to these allegedly unlawful actions and her fear of "fraud and

uncertainty regarding the true status of her loan and title," Plaintiff quitclaimed her interest in her home to the "Rachel N. Tennyson Trust." *Id.* at 9, ¶ 34; *see also id.*, Ex. K (quitclaim deed). Plaintiff represents that she is "acting as trustee of the Rachel N. Tennyson Trust," which is the current owner of the property at issue. Pl.'s Resp. to Def.'s Mot. to Dismiss at 5, 7–8 (ECF No. 27) ("Although Plaintiff quit-claimed her personal interest in the property, she did so in her capacity as settler and trustee of the Rachel N. Tennyson Trust"; "Plaintiff continues to act in her legal capacity as trustee"; and "Plaintiff, as trustee, represents the trust which does own the property").

### *Legal Standard and Analysis*

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–42 (5th Cir. 2016) (failure to comply with court order); *Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a

2

party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)).

"In an Article III court, a non-attorney trustee may not represent a trust *pro se*." *Dillard Family Trust v. Chase Home Fin., LLC*, 2011 WL 6747416, at *5 (N.D. Tex. Dec. 23, 2011) (Lindsay, J.) (collecting cases). Plaintiff represents in court filings that she is proceeding as the trustee of the Rachel N. Tennyson Trust, but "[a] *pro se* individual cannot represent the interests of a trust and the Court cannot allow the case to proceed." *Hand of Yhwh Trust v. Dominguez*, 2020 WL 2476984, at *2 (N.D. Tex. Apr. 21, 2020) (Reno, J.), *adopted by* 2020 WL 2476423 (N.D. Tex. May 13, 2020) (Kacsmaryk, J.). So this case is subject to dismissal under Rule 41(b). *See id.* (dismissing case under Rule 41 because a *pro se* plaintiff cannot represent a trust); *Linwood v. Fin. Am. LLC*, 2025 WL 432834, at *2–3 (N.D. Tex. Jan. 23, 2025) (McKay, J.) (same), *adopted by* 2025 WL 663102 (N.D. Tex. Feb. 28, 2025) (Scholer, J.); *Calvin v. Jackson*, 2022 WL 4281016, at *1–2 (N.D. Tex. Aug. 17, 2022) (Ray, J.) (same), *adopted by* 2022 WL 4280644 (N.D. Tex. Sept. 15, 2022) (O'Connor, J.).

### *Recommendation*

The District Judge should **DISMISS** Plaintiff's case without prejudice under Federal Rule of Civil Procedure 41(b). If Plaintiff retains counsel to represent the trust before the deadline for objecting to the findings, conclusions, and recommendation expires (explained in more detail below), or by such other

3

deadline as set by the District Judge, the Magistrate Judge will withdraw the recommendation to dismiss.

**SO RECOMMENDED.**

February 5, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).